# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Abraham Ituah, <br><br> *Plaintiff,* <br><br> v. <br><br> Steven Wakefield, et al., <br><br> *Defendants.* | CIVIL ACTION <br> NO. 25-1848 |

## ORDER

**AND NOW**, this 5th day of May 2025, upon consideration of Abraham Ituah's Motin for Preliminary Injunction (ECF No. 3), it is **ORDERED** that the Motion is **DENIED**.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1]    Ituah asks the Court to enter a preliminary injunction against the Defendants "to prevent further whistleblower retaliation, false claims, and RICO violations." (Mot. 4.) A preliminary injunction is an "extraordinary and drastic remedy," so "the movant bears the burden of making a 'clear showing'" that he is entitled to such relief. *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec'y*, 108 F.4th 194, 202 (3d Cir. 2024) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The "most critical" part of the movant's burden is showing he is likely to succeed on the merits and likely to suffer irreparable harm absent a preliminary injunction. *Id.* With respect to the merits of his claims, Ituah's Motion contains nothing more than vague references to "unlawful sales" of his "properties"; "whistleblower retaliation, false claims, and RICO violations"; and state-court judgments that the Defendants apparently obtained improperly. (Mot. 4–5, 7–8.) And with respect to irreparable harm, he offers only the unsupported statements that ten of his sixteen "properties" are "gone," he suffers ongoing emotional harm, and his children need his support. (*Id.*) None of these statements do anything to show that Ituah will likely succeed in this lawsuit nor that the vaguely worded injunction he seeks is necessary to prevent some harm that cannot later be redressed by a final remedy after trial.